UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| MARY A. EWALT<br><br>Plaintiff,<br><br>-v-<br><br>COLLECTION PROFESSIONALS, INC.<br><br>Defendant. | CASE NO.: 4:19-cv-04023<br><br>JUDGE:<br><br>COMPLAINT<br>JURY DEMAND ENDORSED HEREON |

Plaintiff, Mary A. Ewalt, for her complaint against Collection Professionals, Inc. ("Defendant"), states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA"), for Defendant's unlawful collection practices as more fully described in this complaint.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Central District of Illinois and the events and/or omissions giving rise to the claims made in this complaint occurred within the Central District of Illinois.

PARTIES

4. Plaintiff, Mary A. Ewalt ("Ms. Ewalt"), is a natural adult person residing in Mineral, Illinois, which lies within Bureau County, Illinois and the Central District of Illinois.

5. Ms. Ewalt is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

6. Ms. Ewalt is a "person" as that term is defined and/or used within the ICFA.

7. Defendant, Collection Professionals, Inc., is an Illinois corporation in the business of collecting consumer debts on behalf of others within the State of Illinois and throughout the United States. As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

8. In its communications to consumers, Defendant identifies itself as a "debt collector."

9. Defendant is registered with the Illinois Secretary of State bearing business file number 56267921 and has been in business since 1991.

10. Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

11. Defendant is a "person" as that term is defined and/or used within the ICFA.

FACTS SUPPORTING CAUSES OF ACTION

12. On or around August 21, 2018, Defendant mailed a dunning correspondence to Ms. Ewalt attempting to collect multiple medical debts Ms. Ewalt allegedly incurred to *St. Margaret's Health* and *Perry Memorial Hospital* (collectively, the "Subject Debt"). A copy of the collection correspondence is attached to this complaint as Exhibit A (the "Collection Letter").

13. Ms. Ewalt did not recognize some of the accounts appearing in the Collection Letter as belonging to her.

14. The Collection Letter stated, in relevant part: "The balance provided on this notice may be different from the actual amount owed due to the accrual of interest." *See* Exhibit A.

15. On or around August 21, 2018, Ms. Ewalt's daughter ("Shirley"), Ms. Ewalt's power of attorney, contacted Defendant via phone to ascertain more information about the accounts appearing in the Collection Letter and the Subject Debt Defendant was attempting to collect from her (the "Phone Call").

16. During the Phone Call, Shirley spoke with a representative for Defendant who identified Defendant as a debt collector attempting to collect a debt.

17. During the Phone Call, Defendant's agent represented to Shirley that the Subject Debt's total balance was over $800.00 and was incurred beginning in July 2013.

18. During the Phone Call, Defendant's agent attempted to collect payment of the Subject Debt, including offering Ms. Ewalt a payment plan.

19. The applicable statute of limitations for the Subject Debt states, in relevant part:

> "Except as provided in Section 2-725 of the 'Uniform Commercial Code', approved July 31, 1961, as amended, and Section 11-13 of 'The Illinois Public Aid Code', approved April 11, 1967, as amended, actions on unwritten contracts, expressed or implied . . . shall be commenced within 5 years next after the cause of action accrued." *See* 735 ILCS 5/13-205.

20. Thus, given the applicable five (5) year statute of limitations and the fact that the Subject Debt fell into delinquency beginning in July 2013, as of August 21, 2018, the date of the Collection Letter and the Phone Call, the Subject Debt was a time-barred debt, *i.e.*, it fell outside the applicable statute of limitations.

21. Despite the time-barred status of the Subject Debt, at no point during the Collection Letter or Phone Call did Defendant's agent disclose or explain to Ms. Ewalt or Shirley that the Subject Debt was time-barred or that Defendant could not sue Ms. Ewalt to collect it.

22. Despite the time-barred status of the Subject Debt, at no point during the Collection Letter or Phone Call did Defendant's agent disclose or explain to Ms. Ewalt or Shirley that by

3

paying, or even just agreeing to pay, any portion of the Subject Debt, or merely acknowledging the Subject Debt as valid, it could have the effect of resetting the applicable statute of limitations as to the entire balance of the Subject Debt, potentially subjecting Ms. Ewalt to further legal liability.

23.   In addition, Defendant's representations within the Collection Letter – as cited above in paragraph 14 – are false, deceptive and/or misleading to the extent they create a false sense of urgency that Ms. Ewalt must act quickly to avoid further assessment of "interest" in connection with the Subject Debt. *See* Exhibit A.

24.   Upon information and belief, Defendant was not entitled to assess and/or collect any "interest" from Ms. Ewalt in addition to the principal balance alleged to be owed.

25.   After a reasonable time to conduct discovery, Ms. Ewalt believes she can prove that all actions taken by Defendant as described in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

### DAMAGES

26.   Plaintiff was misled by Defendant's collection activity.

27.   Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from her on time-barred debt(s) and ultimately cause unwarranted harm to her credit or otherwise harm her economically.

28.   Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use unlawful methods and/or means in its attempts to collect the Subject Debt from her.

29.   As a result of Defendant's conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this claim.

30. As a result of Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described in this complaint.

GROUNDS FOR RELIEF

<u>COUNT I</u>
<u>VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>
*15 U.S.C. §§ 1692e, e(2)(A), e(10), f and f(1)*

31. All prior paragraphs are incorporated into this count by reference.

32. The FDCPA states, in relevant part:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e, e(2)(A) and e(10).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §§ 1692f and f(1).

33. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10), and f within the Collection Letter and during the Phone Call, by attempting to collect the Subject Debt despite omitting the disclosure of any information to Plaintiff whatsoever regarding the Subject Debt's time-barred status and/or the potential legal consequences of Plaintiff paying, or agreeing to pay, upon the subject time-barred debt.

34. Defendant knew, or should have known, that the Subject Debt was time-barred, yet failed to provide complete and/or accurate disclosure of same to Plaintiff.

5

35. Such representations and/or omissions served only to confuse and intimidate Plaintiff in the hopes that she waived her rights and affirmative defenses under the law. Plaintiff was unable to adequately determine the legal status of the Subject Debt based upon Defendant's representations and/or omissions, and was unable to adequately determine the potential legal consequences of making, or arranging to make, a payment on the Subject Debt.

36. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10), f and f(1) by creating a false sense of urgency within the Collection Letter by representing to Plaintiff that it was entitled to collect interest in connection with the Subject Debt without authorization to do so. In doing so, Defendant used false, deceptive and/or misleading representations and/or unfair means in connection with its collection efforts on the Subject Debt.

37. As an experienced debt collector, Defendant knows that its representations to consumers concerning the legal status and amount of an alleged debt owed are required to be truthful, complete and accurate, and must be disclosed without any intent to mislead or deceive.

38. As set forth in paragraphs 26 through 30 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described in this complaint.

COUNT II
VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
*815 ILCS 505/2*

39. All prior paragraphs are incorporated into this count by reference.

40. Defendant's collection activity in connection with the Subject Debt constitutes "conduct of any trade or commerce" as that phrase is defined and/or used within the ICFA.

41. The ICFA states, in relevant part:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent

6

that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

"Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

42. Defendant violated the ICFA, namely 815 ILCS 505/2, by engaging in unfair, abusive, and deceptive conduct in its transactions with Plaintiff by, *inter alia*: (i) attempting to collect the Subject Debt despite omitting the disclosure of material information to Plaintiff regarding the Subject Debt's time-barred status, namely, that Defendant could no longer sue Plaintiff to collect the Subject Debt; (ii) attempting to collect the Subject Debt despite omitting the disclosure of material information to Plaintiff regarding the potential legal consequences of Plaintiff paying, or agreeing to pay, upon the Subject Debt; and (iii) creating a false sense of urgency within the Collection Letter by representing to Plaintiff that it was entitled to collect interest in connection with the Subject Debt without authorization to do so.

43. Defendant knew, or should have known, that the Subject Debt was time-barred and/or that it was not entitled to collect interest on the Subject Debt, yet failed to provide complete and/or accurate disclosure of same to Plaintiff.

44. Defendant intended that Plaintiff rely on its misrepresentations and/or omissions in order to procure immediate payment of the Subject Debt and/or prevent Plaintiff from exercising her rights.

45. As set forth in paragraphs 26 through 30 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described in this complaint.

46. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

47. Defendant's actions as set forth in this complaint were malicious, willful and/or undertaken with such reckless disregard of Plaintiff's rights that malice may be inferred, subjecting Defendant to liability for punitive damages under the ICFA in such an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Mary A. Ewalt, respectfully requests that this Court enter judgment in her favor as follows:

A. Awarding Plaintiff actual damages, in such amounts as determined by the jury, as provided under 15 U.S.C. § 1692k and 815 ILCS 505/10a;

B. Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

C. Awarding Plaintiff punitive damages, in such an amount as determined by the jury, as provided under 815 ILCS 505/10a;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3) and 815 ILCS 505/10a; and

E. Awarding Plaintiff such other and further relief as may be just and proper.

DATED this 6th day of February, 2019.          Respectfully Submitted,

                                                            /s/ Geoff B. McCarrell
Geoff B. McCarrell #0086427
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
geoff.m@consumerlawpartners.com

*Counsel for Plaintiff*

JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

                                                                       */s/ Geoff B. McCarrell*
                                                                       Geoff B. McCarrell #0086427
                                                                       CONSUMER LAW PARTNERS, LLC