IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| MARY A. EWALT,<br>  Plaintiff,<br><br>v.<br><br>COLLECTION PROFESSIONALS, INC.,<br>  Defendant. | Case No. 4:19-cv-04023-SLD-JEH |

### Order

Now before the Court is Plaintiff Mary A. Ewalt's Renewed Motion for Leave to File Amended Complaint (Doc. 18) pursuant to Federal Rules of Civil Procedure 15(a)(2) and 16(b)(4) and Local Rule 7.1(B)(1) and Defendant Collection Professionals, Inc.'s Response (Doc. 19) thereto. For the reasons set forth below, the Plaintiff's Renewed Motion for Leave to File Amended Complaint is GRANTED.

### I

The Plaintiff filed her original Complaint against Collection Professionals, Inc. (CPI) on February 6, 2019 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a (ICFA). An August 2018 collection letter from the Defendant and phone call by the Plaintiff's power of attorney (her daughter) to CPI in response to that letter precipitated this case. The Plaintiff alleged the Defendant's attempt on or around August 21, 2018 to collect multiple medical debts (subject debt) the Plaintiff allegedly incurred to St. Margaret's Health and Perry Memorial Hospital violated Sections 1692e, e(2)(A), e(10), f, and

1

f(1) of the FDCPA and Section 505/2 of the ICFA because: the subject debt was time-barred[1] and the Defendant failed to disclose or explain that fact or that it could not sue Ewalt to collect it; the Defendant failed to disclose or explain that by Ewalt paying or even agreeing to pay any portion of the subject debt or acknowledging its validity, it could have the effect of resetting the applicable statute of limitations as to the entire balance of the subject debt; and the Defendant's representations were false, deceptive, and/or misleading to the extent they created a false sense of urgency that Ewalt had to act quickly to avoid further assessment of "interest" in connection with the subject debt.

On May 8, 2019, the Court adopted the parties' proposed discovery schedule which included a July 19, 2019 deadline to amend pleadings and join additional parties and a January 10, 2020 deadline for the completion of all discovery. After the Court denied without prejudice the Plaintiff's September 9, 2019 motion for leave to file an amended complaint for failure to comply with Local Rule 7.1(B)(1), the Plaintiff filed the instant Renewed Motion for leave to amend on October 3, 2019.

In her Renewed Motion for leave to amend, the Plaintiff states that her counsel discovered new evidence on September 4, 2019 during a conversation with her which provides good cause to raise additional allegations and claims against Defendant and to add a party-defendant to the action. Specifically, on May 14, 2019, the Defendant sued Ewalt in Illinois state court (state court lawsuit) and subsequently communicated directly with her through its attorneys in further attempts to collect the time-barred consumer debt that is currently at issue in this case. The Plaintiff accordingly seeks to add a party, the law firm that represented

---

[1] The Plaintiff alleged the subject debt fell into delinquency beginning on July 2013, and thus as of August 21, 2018, the subject debt was time-barred debt because it fell outside the applicable statute of limitations set forth in 735 ILCS 5/13-205.

2

the Defendant in the state court proceedings, Aplington, Kaufman, McClintock, Steele and Barry, Ltd. (Aplington), allegations against both the Defendant and Aplington that they violated the provisions of the FDCPA set forth in the original Complaint as well as Section 1692c(a)(2) of the FDCPA by reason of the state court collection lawsuit, and allegations against the Defendant under the ICFA by reason of the state court collection lawsuit.

## II

### A

At this stage of the case, after the parties' deadline to amend the pleadings has expired, the Plaintiff must show "good cause" to amend his complaint. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *Trustmark Ins. Co. v. Gen. & Cologne Life Re of America*, 424 F.3d 542, 553 (7th Cir. 2005) ("To amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause'"). Good cause requires a showing of diligence by the party seeking the amendment. *Trustmark Ins. Co.*, 424 F.3d at 553. The heightened good-cause standard of Rule 16(b)(4) is applied before considering whether the requirements of Rule 15(a)(2) are satisfied. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719-20 (7th Cir. 2011).

Here, the Plaintiff's counsel filed the the Motion to Amend just five days after counsel discovered the new evidence of the state court lawsuit. The fact that the Plaintiff did not inform her attorney of the May 14, 2019 state court lawsuit sooner will not be held against her; a layperson would not necessarily understand the potential significance of a debt collection action in state court on an already-pending FDCPA lawsuit in federal court. The fact Plaintiff's counsel sought to amend only days following his receipt of that new information is certainly the type

of diligence contemplated by Rule 16(b)(4), and the Court therefore finds good cause to allow the amendment.

**B**

Turning to Federal Rule of Civil Procedure 15(a)(2), leave to amend may be denied where there is undue delay, bad faith on the movant's part, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party if the amendment is allowed, or futility. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). The Defendant argues the futility of the Plaintiff's new allegations for several reasons: 1) the new allegations fail to state a claim because Ewalt fails to allege that she was actually represented by counsel with respect to the debts in the state court lawsuit or that the representation was communicated to any third party; 2) the new allegations pertain to a state court lawsuit which did not seek a time-barred debt; and 3) the new allegations would be barred by *res judicata* and collateral estoppel.

**1**

An amendment may be refused as futile "when the new pleading would not survive a motion to dismiss." *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013). The purpose of a motion to dismiss is to test the legal sufficiency of the complaint, not the merits of the lawsuit. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A court may grant a Rule 12(b)(6) motion to dismiss only if a complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007).

4

The Plaintiff's proposed amended complaint alleges that Defendant CPI and Aplington violated Section 1692e, e(2)(A), e(1), f, and f(1) and additionally 1692c(a)(2). Section 1692c(a)(2) provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt – (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

15 U.S.C. § 1692c(a)(2). The new allegations include:

> Despite the time-barred status of the Subject Debt, as well as CPI's knowledge of the instant litigation that is still pending concerning the Subject Debt, on or around May 14, 2019, CPI through its attorneys, Aplington, filed a lawsuit against Ms. Ewalt attempting to collect the Subject Debt. (Doc. 18-1 at pg. 5 ¶ 32)
>
> In June 2019, fearing the Lawsuit and feeling backed into a corner, Ms. Ewalt, through [her power of attorney daughter], communicated with Aplington and entered into a settlement arrangement with Defendants whereby she agreed to pay Defendants $50.00 per month in connection with the Subject Debt in exchange for Defendants' agreement to dismiss the Lawsuit. (Doc. 18-1 at pg. 5 ¶33)
>
> Defendants violated [Section 1692c(a)(2)] by communicating directly with Plaintiff in connection with the collection of the Subject Debt with knowledge that Plaintiff was represented by an attorney with respect to the Subject Debt. (Doc. 18-1 at pg. 8 ¶ 49)

The Plaintiff's new allegations are sufficient to state a claim under Section 1692c(a)(2). The Defendant argues that the Plaintiff fails to and cannot plausibly allege that counsel represented her in the state court lawsuit or that this was

communicated to the Defendant and Aplington. It further argues the Plaintiff fails to allege that it was ever communicated to the Defendant and Aplington that she was being represented in plenary capacity with respect to the debt and, "[i]ndeed, her allegations, and the fact that no one appeared on her behalf, support the conclusion that she was self-represented in the lawsuit." (Doc. 19 at pg. 4). The Defendant's arguments in this regard are more appropriately suited to a later stage in this case, after each party has availed itself of discovery on the question. Indeed, the Defendant's cited cases resolving the question of whether there was a violation of Section 1692c(a)(2) were all at the summary judgment stage.

**2**

As is their Section 1692c argument, the Defendant's argument that state-court documents establish the amendment would be futile is better suited for a time after discovery on the Plaintiff's new allegations. Section 1692e provides in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of – (A) the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(2)(A), e(10). Section 1692f provides in relevant part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692(f)(1). The Plaintiff newly alleges that CPI and Aplington violated Section 1692e and Section 1692f by attempting to collect the subject debt via the May 2019 state court lawsuit, in addition to the August 2018 collection letter and phone call, without disclosing the subject debt's time-barred status and/or the potential legal consequences of the Plaintiff paying or agreeing to pay upon that debt. She further alleges they violated those provisions of the FDCPA by representing to her in the lawsuit (as well as the August 2018 collection letter and phone call) that they were entitled to collect interest in connection with the subject debt without any authorization to do so. These allegations, taken as true, plausibly state a claim under the cited FDCPA provisions.

The Defendant asks the Court to take judicial notice of the state court records from the state court lawsuit in order to find that the lawsuit did not seek time-barred debt and thus the new allegations about that lawsuit fail to state a claim at all. The Court will not do so at this time without the benefit of additional discovery in order to permit a fuller and more accurate picture of the facts. The Court notes that while the Defendant attached their small claims complaint to show the relevant dates of service for which they sought collection were within the statute of limitations, it provides nothing more than its own statement that "The dates of service for Ewalt at Perry Memorial Hospital were from May 22, 2015, through September 29, 2017[.]" (Doc. 19 at pg. 6). The small claim complaint only states as to Perry Memorial Hospital, "various dates of service." (Doc. 19-1 at pg. 1). Notably, medical debts the Plaintiff incurred to Perry Memorial Hospital are one of the explicitly listed debts the Plaintiff alleges Defendant attempted to collect in violation of the FDCPA. The Defendant's request for judicial notice of these documents not originally attached to the pleadings to defeat the Plaintiff's Motion to amend is thus not well taken.

The preclusion doctrines also do not render the Plaintiff's proposed amended complaint futile. Because the inquiry concerns an Illinois state court judgment (the debt collection lawsuit), the Court must apply Illinois preclusion law to determine whether *res judicata* bars the Plaintiff's additional claims against Defendant and Aplington. *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 955 (7th Cir. 1997). For *res judicata* (claim preclusion) to apply under Illinois law, there must be: 1) a final judgment on the merits rendered by a court of competent jurisdiction; 2) an identity of causes of action; and 3) an identity of parties or their privies. *Chi. Title Land Trust Co. v. Potash Corp. of Saskatchewan Sales Ltd.*, 664 F.3d 1075, 1079 (7th Cir. 2011). For collateral estoppel to apply: 1) the issue decided in the prior adjudication is identical with the one presented in the suit in question; 2) there was a final judgment on the merits in the prior adjudication; 3) and the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication." *Reed v. Ill.*, 808 F.3d 1103, 1107 (7th Cir. 2015). "[C]ollateral estoppel is a flexible doctrine which defies rigid or mechanical application. The question of whether a party has had a full and fair opportunity to contest a prior determination cannot be reduced to a simple formula." *Id.* (internal citations omitted).

Even assuming the first and third elements of *res judicata* are satisfied in this case, there is no identity of causes of action. In deciding whether there is an identity in the causes of action, Illinois courts apply the "transactional" test "which provides that the assertion of different kinds of theories of relief constitutes a single cause of action for purposes of *res judicata* if a single group of operative facts gives rise to the assertion of relief[.]" *In re Dollie's Playhouse, Inc.*, 481 F.3d 998, 1001 (7th Cir. 2007). The Seventh Circuit Court of Appeals said in *Whitaker v. Ameritech Corp.* that while a party should reasonably expect to rely on a default

judgment for a debt owed to it, that party should also expect that its obligation to comport with other law in its debt collection practices is not extinguished when a court determines that a debt is valid. 129 F.3d 952, 958 (7th Cir. 1997). In *Whitaker*, after the telephone service provider defendant obtained a default judgment against the plaintiff for failing to pay her bills in Illinois state court, the plaintiff sued it in federal court for violations of the FDCPA, among other things. *Id*. at 954. The *Whitaker* court believed Illinois courts would allow the plaintiff's FDCPA claim to proceed under the transactional approach, stating:

> While it is true, as [the defendant] asserts, that [the plaintiff's] claims do arise out of her telephone service in the most general sense, the essence of her claim is that [the defendant] has injured her in the collection process. Debt attachment and debt collection are matters separated by time and purpose. [The plaintiff] incurred a debt to [the defendant] every time she picked up the telephone to make a long distance information provider call. [The defendant's] collection procedures, however, never affected [the plaintiff] until she failed to pay her bill. To lump debt attachment and debt collection together as the same cause of action under the *res judicata* analysis is to give *res judicata* broader sweep than we believe the Illinois courts are willing to give it.

*Id*. at 958. Here, the Defendant argues too broadly that *res judicata* applies to defeat the Plaintiff's amended complaint where it states "the two cases arise from the same set of operative facts: Ewalt's default on certain debt." (Doc. 19 at pg. 8). *See Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) ("the FDCPA is designed to protect consumers from the unscrupulous antics of debt collectors, irrespective of whether a valid debt actually exists"); *Adair v. Sherman*, 230 F.3d 890, 896 (7th Cir. 2000) ("an FDCPA action is not an action to establish a debt but an action contesting the method of collection of that debt").

As for the application of collateral estoppel in this case, the Defendant unpersuasively argues that the issues decided in the state court lawsuit and the

issues raised in this case are identical where the state court determined the Defendant was duly owed the amounts listed. Even if the Plaintiff cannot now argue before this Court that the amounts sought in the state court lawsuit were in fact barred, that does not entirely do away with her FDCPA claim. Resolution of that issue does not simultaneously resolve the issue of whether the Defendant attempted to collect on the subject time-barred debt via the lawsuit in violation of the FDCPA.

In her proposed amended complaint, Ewalt alleges the Defendant violated the ICFA by "engaging in unfair, abusive, and deceptive conduct in its transactions with Plaintiff" by, among other things: attempting to collect the subject debt from her via the state court lawsuit despite omitting the disclosure of the subject debt's time-barred status and omitting the disclosure of material information regarding the potential legal consequences of her paying or agreeing to pay any portion of the subject debt; creating a false sense of urgency in Plaintiff via the lawsuit by representing to her that it was entitled to collect interest in connection with the subject debt without authorization to do so; and communicating with her through Aplington despite knowing she was represented by an attorney with respect to the subject debt. The reasoning set forth above applies with equal force to the Plaintiff's new allegations in support of her ICFA claim; the amendment to that claim she seeks to make is not futile.

Ultimately, nearly three months remain before the close of discovery. That is an ample amount of time in which the parties may marshal the facts pertaining to the Plaintiff's new allegations to make resolution of her claims better suited to a later time.

## III

For the foregoing reasons, Plaintiff Mary A. Ewalt's Renewed Motion for Leave to File Amended Complaint (Doc. 18) is GRANTED. The Clerk is directed to file the proposed amended complaint (Doc. 18-1) attached to the Motion.

*It is so ordered.*

Entered on November 4, 2019.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE